NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 10, 2020

Cynthia Murray
300 Central Avenue, Apt. 49
Plainfield, NJ 07060
*Pro Se Plaintiff*

Gregory R. Preston, Esq.
Preston & Wilkins, LLC
76 South Orange Avenue, Suite 210
South Orange, NJ 07079
*Attorneys for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:   Murray v. Newark Housing Authority, et al.
Civil Action No. 20-10501 (SDW) (LDW)**

Litigants:

Before this Court are Defendants Newark Housing Authority, Samuel Manigualt, Dashay Carter, Victor Cirilo, Lynnee Peeples, Sharon Mohammed, Nazeema Massiah, and Gerard G. Restaino's (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Cynthia Murray's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' motion.

## DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted</u>

Between 2013 and 2019, Plaintiff was employed by Defendant Newark Housing Authority ("NHA"). (D.E. 1 at 2.) Although Plaintiff's Complaint is not entirely clear, it appears that she is alleging that she was demoted and wrongfully terminated because of her physical disabilities in violation of federal law.[1] (*Id.* at 2-3.) Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC")[2] which issued a "right-to-sue letter" on November 27, 2019. (D.E. 11-2 Ex. B.) Plaintiff claims she did not receive that letter until December 28, 2019. (D.E. 12.) Plaintiff filed the instant suit on August 6, 2020. (D.E. 1.)

A.

Before a plaintiff can bring a civil claim in court under the ADA, he or she must exhaust all appropriate administrative remedies with the EEOC, which requires the complainant to obtain a "right-to-sue" letter prior to bringing suit under the statute. *Carter v. N.J. Dep't of Human Servs.*, Civ. No. 18-12469, 2020 WL 3427986, at *5 (D.N.J. June 23, 2020); *see also* 42 U.S.C. § 2000e-5(f)(1). After receiving that letter, the complaining party has ninety (90) days within which to bring suit in federal or state court. *See Edwards v. Bay State Milling, Co.*, 519 F. App'x 746, 748 (3d Cir. 2013). "The ninety-day period for filing a private action after receiving a right to sue letter is treated as a statute of limitations issue and is strictly construed." *Williams v. Kaztronix*, Civ. No. 13-652, 2014 WL 1272141, at *3 (D.N.J. Mar. 26, 2014) (citing *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001)). "[A] complaint filed 'even one day beyond

---

[1] Plaintiff pleads that her claims arise under "28:1441di - Removal - Civil Rights (Disability Act); 28:1441ea - Removal - Civil Rights Employment Discrimination (Age); 28:1441ag - Removal - Civil Rights (Age); Breach of Labor Union Contract; Wrongful Separation." (D.E. 1 at 2.) Any reference to the federal removal statute, 28 U.S.C. § 1441, is irrelevant because this case was initially filed in federal court, rendering removal unnecessary. As to a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), Plaintiff has not alleged any facts to support such a claim, because her Complaint contains no references to age. See *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (identifying the elements of an ADEA claim as: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive"). Thus, this Court treats Plaintiff's suit as alleging discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.

[2] A copy of the filing is not included in the record.

the ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement.'" *Williams*, 2014 WL 1272141 at *3.

Assuming that Plaintiff did not receive her right-to-sue letter until December 28, 2019, she had until March 27, 2020 to file suit in this Court. However, Plaintiff did not file until August 6, 2020, long after the limitations period had run. Plaintiff argues that because of "protocols that resulted from COVID-19, the court was not accessible." (D.E. 12.) Although this Court is not insensitive to the unique circumstances presented by the COVID-19 pandemic, the Standing Order issued by Chief Judge Wolfson on March 16, 2020 clearly stated that the Court remained open for official business, *see* Standing Order 2020-2, *available at* https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2.pdf, and the Standing Order issued on March 24, 2020 provided that although filing deadlines in civil matters would be extended, statutes of limitations would not, *see* Standing Order 2020-4, *available at* https://www.njd.uscourts.gov/sites/njd/files/StandingOrder4.pdf. Therefore, the existence of the COVID-19 crisis did not absolve Plaintiff of her obligation to timely file her suit, and Defendants' motion to dismiss will be granted.[3]

B.

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). Therefore, to the extent Plaintiff raises claims under state law for breach of contract and wrongful termination, this Court declines to exercise supplemental jurisdiction over those claims.

---

[3] This Court notes, however, that because the Newark courthouses were closed from March 26, 2020 through April 6, 2020, *see* Standing Order 2020-5, *available at* https://www.njd.uscourts.gov/sites/njd/files/StandingOrder5.pdf, equity would allow an extension of the 90-day window through April 7th when the courthouses reopened. Even with that extension, however, Plaintiff failed to timely file.

Even if Plaintiff had timely filed, her Complaint fails to adequately set forth facts that support a claim for discrimination under the ADA. To establish a *prima facie* case for discrimination under the ADA, a plaintiff must show "(1) that [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998). Here, Plaintiff has not clearly or sufficiently pled the nature of her alleged disability or the nature of her job and/or her qualifications to perform it. Plaintiff does plead that she was "fast tracked to unemployment" but does not provide a coherent narrative as to how or when her termination occurred.

**CONCLUSION**

       Defendants' Motion to Dismiss is **GRANTED**.  An appropriate order follows.

                                          ___/s/ Susan D. Wigenton_____
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
       Leda D. Wettre, U.S.M.J.